**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CHELSEA COCCHIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:20-cv-66** |
| | § | |
| **LENDINGHOME FUNDING** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**NOTICE OF REMOVAL**

Defendant Lendinghome Funding Corporation ("Lendinghome" or "Defendant") files this its Notice of Removal pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446.  In support of this Notice, Defendant states as follows:

**SUMMARY**

1.    Chelsea Cocchia ("Plaintiff") filed this action on January 6, 2020, in the 57th Judicial District Court of Bexar County, Texas, as cause no. 2020CI00207 in the matter styled *Chelsea Cocchia v. Lendinghome Funding Corporation* (the "State Court Action").  Pursuant to sections 1441 and 1446 of Title 28 of the United States Code, defendant Lendinghome removes this case to the United States District Court for the Western District of Texas, San Antonio Division, the Judicial District and Division in which this action is pending.

2.    The allegations in Plaintiff's *Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief* ("Petition") filed on January 6, 2020—relate to the servicing of a loan agreement involving real property commonly known 114 Rosemary Ave., Alamo Heights, Texas 78209 ("Property"). (*See* Petition at ¶ 8.)  Plaintiff alleges that she is the owner of the Property, that the Property was posted for foreclosure to occur

on January 7, 2020 and that she "has a buyer ready, willing and able to close in February 2020 on a short sale, approved by Defendant." (*Id.* at ¶¶ 8-18.)  Plaintiff further alleges that she sent Lendinghome a qualified written request but has not yet received a response. (*Id.* at ¶¶ 19-23.) Finally, she alleges that she submitted a loss mitigation application and was approved for a short sale but has not yet received a denial letter. (*Id.* at ¶¶ 24-29.)  Based on these allegations, Plaintiff brings claims under the Real Estate Settlement Procedures Act. (*Id.* at ¶¶ 30-41.)  As remedies, Plaintiff seeks a declaratory judgment that Plaintiff must respond to her QWR and provide a loss mitigation rejection letter, attorney fees, and injunctive relief preventing foreclosure. (*Id.* at ¶¶ 43-52.)

3.      A copy of the Docket Sheet from the State Court Action is attached as Exhibit A. Copies of all pleadings filed in the State Court Action are attached as Exhibit B.

4.      This Notice of Removal is timely under the provisions of 28 U.S.C. section 1446(b) because this notice is being filed prior to completion of service or within thirty (30) days of service. 28 U.S.C. § 1446(b)(2).

### **BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION**

5.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. section 1331 because the Plaintiff's claims in this case arise under the laws of the United States. Specifically, Plaintiffs brings multiple claims under the Real Estate Settlement Procedures Act. *See* Petition *generally.* For this reason alone, this Court has jurisdiction over this matter.

### **BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

6.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the parties are diverse and the amount in controversy is well in excess of $75,000.00 exclusive of interest and costs.

**A. There is complete diversity between Plaintiff and Defendant.**

7.       Plaintiff is a citizen of Texas. (*See* Petition at ¶ 2.)

8.       Defendant LendingHome Funding Corporation is a Delaware corporation with its principal place of business in California.   As such, Defendant is a citizen of Delaware and California for purposes of diversity jurisdiction.   See 28 U.S.C. § 1332(c)(1).

**B. The amount in controversy exceeds $75,000.00.**

9.       The amount in controversy exceeds the sum or value of $75,000.00.  Plaintiff seeks declaratory relief, injunctive relief preventing foreclosure and attorney's fees. (*See* Petition at ¶¶ 50-52.)   For this reason alone, the amount in controversy is in excess of $75,000.00.

10.       In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.")

11.       As set forth above, Plaintiff seeks injunctive relief preventing foreclosure on the

Property. (*See* Petition at ¶ 52.)   In doing so, Plaintiff has put at issue the entire value of the Property.  Plaintiff asserts in the Petition that the Property is worth $1,200,000.00.  (*See* Petition at ¶ 15.)  If Plaintiff is granted the injunctive relief requested, Lendinghome will lose the ability to enforce its lien interest in the Property.  Accordingly, the relief Plaintiff seeks places at issue the value of the Property, which is well in excess of $75,000.00.

12.     Defendant denies that Plaintiff is entitled to any relief, but there can be no question that Plaintiff's Petition, which seeks attorney's fees and injunctive relief that will strip Defendant of an ability to foreclose on the Property, puts in excess of $75,000.00 in controversy.

## **VENUE**

13.     Venue for removal is proper in this District and Division under 28 U.S.C. Section 1441(a) because this district and division embrace the 57th Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

## **NOTICE**

14.     Concurrently with the filing of this Notice, Defendant will file a copy of this Notice of Removal with the Clerk of the 57th Judicial District Court of Bexar County, Texas.

Respectfully submitted,

/s/ Dustin C. George
**Dustin C. George**
Texas Bar No. 24065287
dustin.george@mwglegal.com
**MILLER, WATSON & GEORGE, P.C.**
5550 Granite Parkway, Suite 245
Plano, Texas 75024
Phone: (469) 518-4975
Fax: (469) 518-4972

*Attorney for Defendant Lendinghome
Funding Corporation*

## LIST OF ALL KNOWN COUNSEL OF RECORD

For Plaintiff Chelsea Cocchia:

James Minerve
115 Saddle Blanket Trail
Buda, Texas 78610
(888)819-1440
(888) 230-6397 (Fax)

For Defendant Lendinghome Funding Corporation:

Dustin C. George
Texas Bar No. 24065287
Miller, Watson & George, P.C.
5550 Granite Parkway, Suite 245
Plano, Texas 75024
(469) 518-4975
(469) 518-4972 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A     Copy of the Docket Sheet for Cause No. 2020CI00207, in the 57th District Court of Bexar County, Texas;

Exhibit B     Pleadings in Cause No. 2020CI00207, in the 57th District Court of Bexar County, Texas;

   B-1     Plaintiff's Original Petition; and

   B-2     Temporary Restraining Order.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of January, 2020, a true and correct copy of the foregoing was served via regular U.S. mail and email on the following counsel:

James Minerve
115 Saddle Blanket Trail
Buda, Texas 78610
(888)819-1440
(888) 230-6397 (Fax)
jgminerve@aol.com
*Attorneys for Plaintiff*

/s/ Dustin C. George
**DUSTIN C. GEORGE**