UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CHELSEA COCCHIA,**

    **Plaintiff,**

v.                                                              No.  SA-20-CV-00066-JKP

**LENDINGHOME FUNDING CORPORATION,**

    **Defendant.**

## ORDER

On this date, the Court considered Defendant, LendingHome Funding Corporation's ("LendingHome"), Motion to Dismiss for Failure to State a Claim. ECF No. 2. Plaintiff Chelsea Cocchia ("Cocchia") did not respond. Upon consideration, the Court concludes LendingHome's motion to dismiss has merit and shall be GRANTED.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Upon motion by a party, a case must be dismissed when the allegations asserted in the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009); *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Dismissal under Rule 12(b) (6) is proper not only where the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege a cognizable legal theory. *Kjellvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tx. 1994)(*citing Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991). "A complaint lacks an 'arguable basis in law' if it is based on an indisputably meritless legal theory or a violation of a legal interest that does not exist." *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 756 (S.D. Tx. 2017), *aff'd sub nom.*, 734 Fed. Appx. 916 (5th Cir. 2018)(*quoting Ross v. State of Texas*, Civ. A. No. H-10-2008, 2011 WL 5978029, at *8 (S.D. Tex. Nov. 29, 2011).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**UNDERLYING FACTS**

On January 6, 2020, Cocchia filed an Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Injunctive Relief against LendingHome in Texas state court. ECF No. 1, Exhibit 2, B-1. Cocchia sought to enjoin foreclosure of certain real property scheduled for January 7, 2020. *Id*.

In her Original Petition, Cocchia asserts she "purchased the property with an LLC, at the behest of the original mortgagee, for the initial purpose of using the property as a rental"; however, she also admits she began "using the property as her homestead." *Id*. at ¶ 8. Cocchia alleges the subject property was posted for foreclosure to occur on January 7, 2020, and she had "a buyer ready, willing and able to close in February 2020 on a short sale, approved by [LendingHome]." *Id*. at ¶¶ 7, 17-18. Cocchia further alleges that, in compliance with certain provisions of the Real Estate Settlement Procedures Act (RESPA), she sent Lendinghome a qualified written request (QWR) but did not yet receive a response. *Id*. at ¶¶ 19-23. Finally, Cocchia alleges, as required by RESPA, she submitted a loss mitigation application and was approved for a short sale but has not yet received a denial letter. *Id*. at ¶¶ 24-29.

Based on these allegations, Cocchia asserts causes of action for violations of the "dual tracking provision" of 12 C.F.R 1024.35(b)(9), (10), 1024.35(e)(3)(i)(B), 1024.35(i)(2) and 1024.41(g), codified in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605. *Id*. at ¶¶ 30-41. Under these provisions, Cocchia asserts LendingHome was required to respond to her QWR letter and correct any errors, as well as provide a loss mitigation rejection letter prior to any foreclosure of the subject property. As remedies, Cocchia seeks a declaratory judgment that Plaintiff must respond to her QWR and provide a loss mitigation rejection letter. She also seeks recovery of attorney fees and injunctive relief preventing foreclosure. *Id*. at ¶¶ 43-52.

In addition, Cocchia sought an ex parte temporary restraining order enjoining LendingHome from foreclosing on the subject property on January 7, 2020. *Id.* The state court issued an ex parte temporary restraining order and set the application for a hearing on January 17, 2020. ECF No. 1, Exhibit 2, Exhibit B-2. This cause was removed to this Court on January 16, 2020. ECF No. 1.

## DISCUSSION

Cocchia asserts LendingHome committed violations of specific provisions under RESPA. RESPA is a consumer protection statute to promote transparency and communication between borrowers and lenders. To do so, the statute sets out specific notice and disclosure requirements with which servicers of federally-related mortgage loans must comply. *See* 12 U.S.C. § 2605. Servicers who fail to comply with these requirements are liable to borrowers for any actual damages incurred by the borrowers because of such failure. 12 U.S.C. § 2605(f)(1)(A).

While the specific provisions Cocchia asserts LendingHome violated do regulate servicing of mortgage loans and the duty of a loan servicer to respond to borrower inquiries, specifically with regard to a QWR and a loss mitigation rejection letter, these regulations do not apply to this particular transaction. This transaction is specifically exempted from RESPA regulations pursuant to the business purpose exception. Specifically, RESPA does not apply to "credit transactions involving extensions of credit--(1) primarily for business, commercial, or agricultural purposes. . . ." 12 U.S.C. § 2606(a)(1).

In her Original Petition, Cocchia admits she "purchased the property with an LLC . . .for the initial purpose of using the property as a rental." ECF Docket No. 1, Exhibit B-1 at ¶8. Accordingly, based upon her own admission, Cocchia is not the owner of the subject property, is not the borrower named in the subject loan agreements, and the LLC purchased the subject property with an extension of credit from LendingHome for the business purpose of use as a rental property.

While Cocchia also alleges throughout the Original Petition the subject property is her homestead, the Bexar County Appraisal District public records reveal the owner of the subject property is VCLC Holdings, LLC ("VCLC"), and no homestead exemption has been claimed.[1]

Based upon Cocchia's admissions and the public records, Cocchia's Original Petition reveals she fails to state a cognizable legal theory upon which relief can be granted against defendant LendingHome. Because Cocchia admits VCLC purchased the subject property for business purposes, the specific RESPA provisions under which she asserts causes of action do not apply to the subject loan pursuant to the business purpose exception. *See* 12 U.S.C. § 2606(a)(1).

Furthermore, in her Original Petition, Cocchia alleges LendingHome violated the dual tracking provisions of RESPA by not sending her "a rejection letter denying the short sale and explaining that [she] is ineligible for any loss mitigation relief." ECF Docket No. 1 at Exhibit B-1 at ¶ 26. Cocchia attached to her Original Petition a short sale letter from LendingHome addressed to VCLC, not Cocchia. In the letter, LendingHome advised VCLC that a short sale was acceptable if funds were received on or before November 29, 2019.[2] *Id*.

The dual tracking provision requirements under RESPA, specifically 12 C.F.R.1024.41 under which Cocchia asserts this cause of action, "only apply to a mortgage loan that is secured by a property that is a borrower's principal residence." 12 C.F.R. 1024.30(c)(2).

Here, Cocchia is not the borrower in the subject loan documents. Cocchia admits in her Original Petition that VCLC, a limited liability company, purchased the Property, and she attaches a letter from LendingHome directed to VCLC, which is the current owner of the Property. *See*

---

[1] The Court may take judicial notice of public recorded when considering a motion to dismiss under Federal Rule12(b)(6). *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008).
[2] This Court may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, documents a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A.*, 635 F.3d at 763; *Collins*, 224 F.3d at 498–99.

ECF Docket No. 1 at Exhibit B-1. Cocchia admits VCLC is the "borrower" on the loan agreement that is the basis of her RESPA causes of action. *Id*.

Based upon these admissions, the "borrower", as anticipated under the subject dual tracking provision of RESPA, is a limited liability company which cannot have a principal residence for purposes of RESPA. Therefore, Cocchia's cause of action must fail as a matter of law. Cocchia's failure to allege, and inability to show, she is a "borrower" on the subject loan agreement are fatal to any asserted cause of action for violation of REPSA dual tracking provision, section 1024.41. *See Lackie v. PHH Mortg. Corp.*, Civil Action No. 3:17-CV-377-BT, 2018 WL 4409799, at *3 (N.D. Tex. Sept. 17, 2018)(holding plaintiff who did not sign the subject note was not a borrower for purposes of RESPA and dismissing RESPA claims.)

For these reasons, Cocchia fails to allege a cognizable legal theory for violation of RESPA's dual tracking requirement.

Cocchia did not respond to LendingHome's Motion to Dismiss for Failure to State a Claim; however, she and other named defendants did file an Answer to LendingHome's Counterclaim.

**CONCLUSION**

For the reasons cited, Cocchia fails to state a cognizable legal theory under which relief can be granted. For this reason, Defendants' Motion to Dismiss must be granted. Therefore, this Court concludes LendingHome's Motion to Dismiss for Failure to State a Claim must be GRANTED.

This cause is dismissed with prejudice, and the Clerk is hereby ORDERED to enter a final clerk's judgment and close the case.

It is so ORDERED.
SIGNED this 15th day of April, 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE